JAMES F. STARR ET AL. v. O. S. KENNEDY ET AL.

No. 497.

1. Common Source—Defendant Having Different Titles.—In trespass to try title, the evidence introduced by plaintiffs developed that defendants, who were in possession, claimed under two chains of title. Plaintiffs claiming under one of these titles only, showed a superior right from a common source in that chain; but neither party undertook to deraign title from the State, and the record does not show under which title defendants entered into possession, but they disclaimed holding under the title asserted by plaintiffs. *Held*, that plaintiffs were not entitled to judgment for the land.

2. Same—Estoppel.—The rule as to common source does not possess the dignity of an estoppel, and preclude the defendant from asserting any other title.

3. Same—Rule Applies, when.— It seems, however, that the rule as to common source would apply where the evidence showed under which title the defendant was really asserting claim and had acquired possession, although he might pretend to have other rights for the purpose of avoiding the common source.

APPEAL from Tarrant.    Tried below before Hon. R. E. BECKHAM.

*Wynne & McCart* and *Stedman & Thompson*, for appellants.—1. Plaintiffs were entitled to judgment, because they established an older and better title from and under a common source to which the titles of both parties were traced; and their right could not be defeated by the disclaimer of the defendants. Burns v. Goff, 79 Texas, 236; Mason v. Keys, 44 Texas, 140; Griffin v. Sheffield, 77 Am. Dec., 649; Douglass v. Scott, 5 Ohio, 197; Bige. on Estop., 3 ed., 283; Dycus v. Hart, 2 Texas Civ. App., 354.

2. Where the plaintiff and defendant claim under a common source, the latter is estopped from disputing the title of the common grantor, subject to the modification that the defendant may show a superior title. Bige. on Estop., 3 ed., 283; 3 Wait's Act. and Def., 16; Gaines v. New Orleans, 6 Wall., 715; 6 Am. and Eng. Encycl. of Law, 245; Griffin v. Sheffield, 77 Am. Dec., 649; and cases above cited.

*Hunter, Stewart & Dunklin*, for appellees.—It makes no difference whether the title defendants claim under is good or not, if that title is not derived from the same source with that of the plaintiffs; because, being in possession with any sort of evidence of title not derived from the same source of the plaintiffs, is sufficient to require plaintiffs to prove a perfect title.   Howard v. Masterson, 77 Texas, 41.

HEAD, ASSOCIATE JUSTICE.—Appellants, as plaintiffs in the court below, on December 15, 1887, instituted this suit in trespass to try title to recover of appellees the land in controversy, being 960 acres of the Charles Fleisner headright, charging them with having been in possession

thereof since January 1, 1886. On the trial it was developed by the evidence introduced by the plaintiffs that the defendants claimed under two chains of title; the first originating in a deed made by T. J., E. P., and J. A. Belcher to James S. Davis, August 31, 1883, who conveyed to defendant Kennedy, March 25, 1887, who conveyed an interest to his co-defendant Burgess, February 28, 1887; and the second consisting of a deed from the heirs of Timothy Pillsbury to defendants Kennedy and Burgess, dated June 28, 1887.

The plaintiffs also claimed under Timothy Pillsbury, exhibiting a chain of title, alleged to be superior to that of defendants, from the same source. Neither party undertook to deraign title from the State. The record does not disclose under which title the defendants entered into possession, but on the trial they disclaimed holding under Pillsbury. The court below concluded that the evidence failed to show that defendants claimed exclusively under a common source with plaintiffs, and entered judgment in their favor, from which this appeal is prosecuted.

*Opinion.*—Where both parties claim title to the land in controversy under a common source, it is well settled, both by statute and decisions, that the plaintiff need only exhibit the superior title therefrom to entitle him to judgment. This is a rule both useful and convenient when applied in a proper case, and is not to be lightly disregarded. It does not, however, possess the dignity of an estoppel, and preclude the parties from asserting any other title. On the contrary, either of the parties has the right to assert as many different, and even conflicting, titles as he may be able to produce. The question, then, presented in this case is, should the rule above announced apply to a case where a defendant in possession claims under two titles, and the plaintiff shows a title superior to only one of them, and we feel constrained to hold that it does not.

We believe that the one in possession of land should be allowed to remain until some other person exhibits a better title than he has; and where he has several titles, the one seeking to oust him does not make a prima facie case until he shows a title superior to any one of these. To hold otherwise would enable a plaintiff, where the defendant has sought to buy his peace by securing conflicting claims, to select the weakest one of these, and by showing a superior title from a common source in this chain, throw upon the defendant the burden of tracing his other title, and the one upon which he mainly relies, back to the sovereign.

We do not hold that a case might not be presented in which the evidence would show the real title under which the defendant was asserting his claims and had acquired his possession, although he might also pretend to have other rights for the purpose of avoiding the common source, and that in such case the plaintiff would not be entitled to judgment

upon showing a right superior to the defendant's real claim; but we do hold that where the evidence, as in this case, shows two paper titles in the defendant, and there is nothing in the record to show that he does not equally rely upon both, the plaintiff is not entitled to evict him simply by showing a superior title from a common source in one of them. We believe these conclusions fairly sustained by the decision of our Supreme Court in Howard v. Masterson, 77 Texas, 41.

This leads to an affirmance of the judgment appealed from, and it will therefore be unnecessary for us to consider the merits of the respective titles of the parties in the chain emanating from Pillsbury as a common source. Appellees' claim under the Belchers seems to have been the oldest one asserted by them, and it may be the principal one relied upon; and appellants have shown no right superior to this.

The judgment of the court below will be in all things affirmed.

*Affirmed.*

Delivered September 13, 1893.

Motion for rehearing refused.

This case did not reach the Reporter with others of its date.