## BOYER GONZALES ET AL. v. G. BATTS ET AL.

Decided February 23, 1899.

### 1. Deed of Assignment for Creditors—Description.

A deed for the benefit of creditors by which the makers grant, bargain, transfer, and assign all their property, real, personal, and mixed, joint and several, as set forth in an annexed schedule, sufficiently describes the property as between the parties.

### 2. Same—Acceptance by Creditors Presumed.

The acceptance of a common law assignment for the benefit of creditors of the grantors will be presumed, in the absence of evidence to the contrary, where there are no conditions connected with the grant of the property.

### 3. Parties—Suit on Partnership Transaction.

Neither the heirs nor personal representatives of a deceased member of a partnership are necessary parties in an action by creditors of the firm attacking an assignment by the firm to the other partner.

### 4. Common Source—Abstract of Title.

Common source of title may be shown by plaintiff in trespass to try title by introducing in evidence defendant's abstract of title filed in the suit.

### 5. Bond for Costs of Suit.

Plaintiffs should not be required to execute a bond to the defenant for the costs of the suit, where a bond for costs has been executed to the officers of the court. Rev. Stats., art. 1440.

### 6. Practice in Trial Court—Bill of Exceptions.

Refusal of the court to suspend the trial for a reasonable time to enable a party to prepare and present to the judge a bill of exceptions, is not available on appeal where the bill of exceptions was obtained and approved by the judge notwithstanding such refusal.

o

7.  **Same—Argument of Counsel.**
    The plaintiffs in an action to recover land may properly state to the jury the substance of a patent and deeds in evidence.

8.  **Deed—Recitals as Estoppel.**
    Recitals in deeds are binding upon all parties claiming under the deed.

APPEAL from Burleson. Tried below before Hon. ED. R. SINKS.

*Harris & Harris,* for appellants.

*J. E. Butler* and *Ford & Ford,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellees to recover of William J. Moore and John R. Sims two-fifths of certain lands out of the J. P. Cole survey, in Burleson County, and also a life estate in one-third of the whole of the lands sued for, and W. A. Beall was made a party defendant as vendor of defendant Moore. The appellants are the heirs and representatives of Thomas Gonzales and Edith Boyer Gonzales, who as vendors of said Moore made themselves parties defendant, and who died pending the litigation. The plaintiffs are the heirs and the surviving wife of Jesse Batts, Sr., and assert title to the land sued for through the said Jesse. The Gonzales defendants disclaimed title to the land, except 600 acres thereof, sold by their father and mother in their lifetime to defendant Moore; and as to said tract they pleaded not guilty. Upon trial of the cause the court instructed the jury to return a verdict for the plaintiffs, which was done, and judgment was rendered in accordance therewith; and a new trial being denied them, the defendants Gonzales appealed to this court, and here assign numerous errors, but few of which need to be considered by us from the disposition we make of the appeal. Upon the trial, appellants offered in evidence the following instrument of writing:

"Know all men by these Presents, that we, Jesse Batts and Frank R. Dean, of Galveston, Texas, composing the commercial firm of Batts & Dean, being in embarrassed condition and desirous of securing and liquidating our debts and liabilities, for and in consideration of ($5) five dollars to us in hand paid by Frank R. Dean, and for other considerations, do grant, bargain, sell, and convey, transfer and assign all our property, real and personal and mixed, joint and several, as set forth in the annexed schedule and from books and accounts unto Frank R. Dean, trustee, with Jack Baker, Albert Somerville, and C. E. Richards as a committee advisory of our creditors, in trust to sell and dispose of, receive and collect the same, marshal said assets in cash, and pay our creditors as per schedule hereto annexed, pro rata, as often as 10 per cent of their liabilities shall be realized. And we, Jesse Batts and Frank R. Dean, covenant and agree that we have surrendered all our joint and several property, real, personal, and mixed, except such as is to us respectively exempt from execution, and we further covenant and agree to make good

and sufficient titles to said real estate to Frank R. Dean as trustee as aforesaid, for the trust purposes herein mentioned.

And we, the said trustee and said committee of creditors, accept said trust and agree that said assets as soon as realized shall be deposited in the bank and paid out in accordance therewith; and we, the undersigned creditors, agree that the said assignments shall be satisfactory to us and in full of our liabilities and credits, even if there be not realized dollar for dollar from said assets.

"The surplus, however, if any to be transferred to Batts & Dean when said liabilities are paid in full.

"Said trustee and advisory committee of creditors have authority to employ such assistance and incur such expenses in the preservation of said estate as they may deem necessary.

"Galveston, March 26, 1874.

"BATTS & DEAN,
   "Jesse Batts,
"BATTS & DEAN,
   "Frank R. Dean,
"FRANK R. DEAN, Trustee.

"In presence:
   "HENRY J. LABATT.
   "CHARLES E. RICHARDS."

Upon objection by plaintiffs that the writing was void for want of description of the subject matter of conveyance, the court excluded the instrument, because, in the opinion of the court, it was void for want of description, and because it was an incomplete instrument, not having been accepted and signed by the creditors of the vendors as provided by the instrument. To this ruling the appellants excepted, and the exclusion of the instrument is assigned as error; and we are of the opinion that the assignment must be sustained. As between the parties to the instrument and their privies the description is sufficient (vide Harvey v. Edens, 69 Texas, 426); and the instrument, unless defective on the other ground stated by the court for its exclusion, would give to the grantee good title to any and all of the property owned at the date of the instrument by the grantor, and should have been admitted in evidence as a link in the defendant's chain of title. If, as the court held, the instrument was incomplete in not containing the acceptance of the creditors, as required by its terms, there was of course no error in excluding it from the jury. But does the instrument require the acceptance and signatures of the creditors to make operative its granting clause? The question is one not without difficulty, but we are of the opinion it should be answered in the negative. The different provisions of the instrument do not seem to us to be interdependent. The granting clause is not conditional, but makes absolute conveyance of all of the grantor's property. The instrument, as we construe it, being a common law arrangement for the benefit of the creditors of the grantors, and being without conditions, their acceptance will be presumed in the absence of evidence to the contrary.

Vide Baldwin v. Peet, 22 Texas, 708. As another link in the appellant's chain of title, they offered in evidence two judgments of the District Court of Burleson County rendered in a suit numbered on the docket of said court 1529, and entitled, "The Heirs of Mary Batts, decd., v. F. R. Dean, Assignee, et al.," said judgments bearing date respectively December 20, 1880, and June 15, 1881; and in which judgment was rendered against Frank R. Dean the assignee in the foregoing assignment to him from the firm of Batts & Dean, as the surviving partner of said firm, for several thousand dollars in favor of Owen W. Arnold and N. B. Sleigh, executors of the will of one John Dean, with a decree enforcing an execution lien acquired on the land in controversy in this suit by said John Dean in his lifetime, the said executors withdrawing and dismissing their plea of reconvention, so far as said plea affected Jesse Batts, Sr., he being dead; and to which judgment and decreee foreclosing said execution lien the plaintiffs to said suit consent, on condition that said executors abandon all claim of right to sell, in satisfaction of their said judgment rendered for them against the firm of Batts & Dean, certain other lands named in said judgment. These judgments, upon objection by the plaintiffs, were excluded from the evidence by the court, upon the ground that they showed upon their faces they were void, being rendered against a dead man's estate, in a suit wherein neither the heirs of the deceased nor his representatives were parties. If, as we have held, the estate of Jesse Batts, Sr., in the land in controversy passed to Frank R. Dean under the assignment to him by Batts & Dean, neither the heirs nor personal representative of Jesse Batts were necessary nor even proper parties in a suit between creditors of the firm of Batts & Dean against Frank R. Dean, surviving partner of such firm, to recover judgment for their debt against the firm, and to establish a lien acquired on said land in the lifetime of said Batts. These judgments were erroneously excluded and should have been admitted in evidence. Whether the judgment was or was not erroneous as to the assignee Frank Dean, in subjecting the land to sale under execution, is immaterial as to the litigants in this suit. So long as the judgment remained unappealed from and unreversed it was conclusive as to Dean, and a purchaser at a sale of the land under said decree would take title against him and all persons claiming under him subsequent to the institution of the suit to enforce the execution lien, and against the heirs of Jesse Batts, Sr., as well. The several actions of the court in giving and refusing instructions, and which are evidently based upon the holdings of the court that the instrument from Batts & Dean to Frank R. Dean, assignee, and the judgments in suit No. 1529 were void, and which are here assigned as errors, will not be revised or considered by us.

There was no error in permitting plaintiffs to read in evidence the appellant's abstract of title, in connection with the testimony of McIver, for the purpose of showing common source of title between themselves and appellants. Common source of title may be shown by the plaintiff, in trespass to try title, by introducing in evidence the defendant's ab-

stract of title filed in the suit. The filing of the abstract is equivalent to an admission by defendant that he claims title through and under the instrument named in the abstract, and if no other chain of title be relied on by him, the only issue as to title is, which is the superior right derived from the common source,—the plaintiff's or the defendant's? We discover no error in refusing to compel the plaintiffs to execute a bond for the costs of the suit. A bond executed to the officers of court which obligates the plaintiff to pay the costs of the suit is a compliance with article 1440 of the Revised Statutes, and such bond is a protection alike to the defendant and to the officers of the court, and the plaintiff should not be required to give a second bond because the first is not payable to the defendant.

It is doubtless the right of counsel when, in the trial of a cause he excepts to any action of the court, to require a suspension of the trial for a reasonable time to enable him to prepare and present to the judge his bill of exceptions; and a denial of this right and a refusal to suspend the trial for this purpose for a reasonable time, when excepted to, and when no bill of exceptions to the ruling complained of were secured by counsel by reason of the refusal of the court to suspend the trial, would be reversible error, unless the exception should show of itself that it was without merit. But in this case counsel sought and obtained his bill of exceptions, approved by the judge, notwithstanding the refusal of the court to suspend the trial and permit the bill to be prepared at the time of the execution. Under these circumstances the appellant can not be heard to complain that the court did not suspend the trial.

There was no error in permitting the plaintiffs to state the substance of the patent and the deeds which were in evidence, to the jury. Counsel for each party must be presumed to know the contents of each instrument offered in evidence by the other party; and he can promptly correct any misstatement, if such should be made or attempted by the opposing counsel, of the substance of any instrument offered by him in evidence.

Such practice as is complained of by appellants under this, their third assignment of error, so far from being erroneous or in derogation of any right of theirs, is one which should be commended.

As to the fourth and fifth assignments of error, the record shows that appellants were claiming title under these instruments, inasmuch as they were links in the chain of title under which Jesse Batts, Sr., acquired the land in controversy, and appellants claimed to be purchasers under him. Recitals in deeds are binding upon all parties claiming under the deeds. Vide Fisk v. Flores, 43 Texas, 340.

As to the seventh and eighth assignments of error, it is sufficient to say that appellants were deraigning title under the instruments, the admission of which in evidence is complained of under these assignments. They are parts and parcels of their abstract of title filed in the cause.

We will discuss none other of the appellants' assignments. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*