McBRIDE et al. v. LOOMIS.   (No. 288.)†

(Court of Civil Appeals of Texas. El Paso. Oct. 7, 1914. Dissenting Opinion, Oct. 10, 1914. On Rehearing, Nov. 25, 1914.)

1. TRESPASS TO TRY TITLE (§ 38*)—BURDEN OF PROOF—COMMON SOURCE OF TITLE.

In trespass to try title it was admitted that H. at one time had title, and that plaintiffs were the heirs of the only child of M. To show that the parties claimed from a common source of title, plaintiffs introduced a deed from M.'s temporary administrator, which was admittedly void, and subsequent deeds showing an unbroken chain of title to defendant. Defendant introduced a deed from H.'s administrator and an order of the probate court, directing its execution, both of which recited that H. had agreed to convey to M., and had been fully paid for the land, and that M.'s grantee had become the owner of M.'s interest; and it was also shown that defendant had acquired the interest of the heirs of H., and that the records of the county failed to show that M. ever had title. *Held,* that when defendant showed his claim of legal title through the heirs of H., it devolved upon plaintiff to establish that M. had the equitable title from H., and upon plaintiffs' failure to establish this fact the court properly gave a peremptory instruction in defendant's favor, since, though parties claim from a common source of title, one of the parties may establish an outstanding title superior to that claimed from the common source.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

2. TRESPASS TO TRY TITLE (§ 41*)—EVIDENCE — RECITALS IN VOID DEED — IN ORDER OF PROBATE COURT.

The recitals in the probate order, and the deed from H.'s administrator were not proof that M. had acquired the equitable title from H., it not appearing that such recitals were introduced as evidence of the truth of the facts recited, and plaintiffs not claiming under such order or deed, especially as the recitals were nothing more than an assertion that the court had found, upon hearing, that such were the facts.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

Higgins, J., dissenting in part.

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Thomas McBride and others against A. M. Loomis. From a judgment for defendant, plaintiffs appeal. Affirmed.

Frank G. Morris and S. B. Gillett, both of El Paso, for appellants. T. A. Falvey, P. F. Edwards, and Loomis & Knollenberg, all of El Paso, for appellee.

HARPER, C. J. This is an action of trespass to try title, instituted by appellants, Thomas McBride et al., as heirs at law of Louisa McBride, deceased, who was sole heir at law of John E. McBride, deceased, on the 21st day of August, 1909, against ap-

pellee, A. M. Loomis, to try title to a tract of 235 acres of land, part of the San Elizario grant, in what is known as La Quadrilla, in El Paso county, Tex., less 48 acres, described by metes and bounds, which had been previously sold out of said tract of 235 acres of land. The defendant pleaded not guilty, and the statute of limitations of three, four, five, and ten years, and improvements made in good faith. A trial was had before the court and a jury from January 13 to 17, 1913, when after all of the evidence had been introduced, the court instructed a verdict for the defendant, and plaintiff assigned errors and appealed.

The parties to the above styled cause through their respective counsel entered into the following stipulations, to be used in the trial by either party: That Charles H. Howard had title to the land in controversy in this suit, during and prior to the year 1874, and as to what title, if any, he had after that date is left open to be shown by the evidence.

As a basis of recovery, appellant read in evidence:

First. Deed from Charles Kerber as temporary administrator of the estate of John McBride, to John C. Ford, dated April 1, 1881, purporting to convey 235 acres in controversy in this suit. This deed is admittedly void and conveyed no title from the McBride estate to Ford, its introduction in evidence being for the purpose of showing common source of title only. Then followed subsequent deeds showing unbroken chain of title to appellees from Ford.

It was admitted that John McBride was married to Louisa La Fayette, that John McBride and wife were both dead, and that he left one daughter named Anna Louisa.

The parties plaintiff sue as the heirs at law of said Anna Louisa McBride, and it is admitted that they are the heirs if she is dead.

Counsel for defendant introduced the following:

First. Admission that Frank Howard, Kate Howard, Mrs. Ellen Gillian, and Mrs. S. B. Davidson are the sole heirs at law of Charles H. Howard, deceased, who died December, 1877, intestate, and have been the sole heirs at all times since his death.

Second. Certain orders from the minutes of the county court, showing that Charles Kerber was appointed and qualified as administrator of the Howard estate, one of the orders reading as follows:

"Came on to be heard the complaint of John C. Ford v. Charles Kerber, administrator of the estate of Charles H. Howard, for title to certain land hereinafter described, and it appearing to the court that said Charles Kerber had accepted services of said complaint and waived time and issuance of citation; and it appearing further that said Charles H. Howard during his lifetime at various times in the years 1875, 1876 and 1877, agreed in writing to make deeds to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Application for writ of error pending in Supreme Court.

John E. McBride for certain parcels of land in the Cuadrilla in El Paso county, Tex., and that said John E. McBride fully paid for said lands according to the terms of said agreement, and that said Charles H. Howard departed this life December 18, 1877, without making deeds to said lands to the said McBride in accordance with such agreement; and it further appearing to the court that said John C. Ford has become the owner of all of the said John E. McBride interest in and to said land by purchase under a sale of the same made by Charles Kerber, temporary administrator of the estate of John E. McBride, deceased, on February 9, 1881, in obedience to an order of this court made and entered on January 24, 1881: It is therefore the order, judgment, and decree of this court that Charles Kerber, administrator of the estate of Charles H. Howard, convey by good and sufficient deeds to said John C. Ford all the right, title and interest of said Charles H. Howard's estate in and to the following described tracts of land, to wit: Two certain tracts of land lying and being in El Paso County, Tex. [here follows description of said two tracts by metes and bounds, one containing 50 acres more or less, and the other 235 acres more or less, which includes the land in controversy]."

Third. Deed from Charles Kerber, as administrator of estate of Charles Howard, to John C. Ford, of date April 1, 1881, as follows:

"The State of Texas, County of El Paso. Know all men by these presents: That I, Charles Kerber, administrator of the Estate of Charles H. Howard, deceased, for and in consideration of the sum of twelve hundred dollars, paid by John E. McBride, to Charles H. Howard, in labor and personal services and property consisting of oxen, wagons, etc., during the years 1875, 1876 and 1877, and in obedience to the order of the Probate court of El Paso county in the state of Texas, made in the matter of the Estate of Charles H. Howard, deceased, on the 28th day of March, A. D., 1881, in words as follows, to wit: 'The Estate of Charles H. Howard, Deceased. Be it remembered that on this 28th day of March, A. D. 1881, came on to be heard the complaint of John C. Ford, against Charles Kerber, administrator of the estate of Charles H. Howard, for title to certain land hereinafter described, and it appearing to the court that said Charles Kerber had accepted service of said complaint and waived time and issuing of citation; and it appearing further that said Charles H. Howard during his life at various times in the years 1875, 1876 and 1877, agreed in writing to make deeds to John E. McBride for two certain tracts of land in the Cuadrilla in El Paso county, Texas, and that said John E. McBride fully paid for said lands according to the terms of said agreement and that said Charles H. Howard departed this life December 17, 1877, without making deeds to said lands to the said McBride in accordance with such agreement; and it further appearing to the court that said John C. Ford has become the owner of all the said John E. McBride interest in and to said land by purchase under a sale of the same made by Charles Kerber, temporary administrator of estate of John E. McBride, deceased, on the 9th day of February, A. D. 1881, in obedience to an order of this court, made and entered on the 24th day of January, A. D. 1881: It is therefore the order, judgment and decree of the court that Charles Kerber, administrator of the estate of Charles H. Howard, convey by good and sufficient deed to said John C. Ford, all the right, title and interest of said Charles H. Howard's estate in and to the following described tracts of land, to wit: Two certain tracts of land lying and being in the county of El Paso and state of Texas, and described as follows [here follows description of same land as that described in the deed of said

Kerber as administrator of the estate of John E. McBride read in evidence by plaintiffs to show common source of title, which deed is elsewhere stated in this statement of facts]'—have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said John C. Ford of El Paso county, in the state of Texas, mentioned in the above decree, all the right, title and interest of the said Charles H. Howard's estate, in and to the said tracts of land, described in the above decree. To have and to hold the above described premises together with all and singular the rights and appurtenances thereto in any wise belonging to the said John C. Ford, his heirs or assigns forever, against any person claiming or to claim the same, by, through or under the said Charles H. Howard. In testimony whereof, I hereunto set my hand as administrator as aforesaid in the town of Ysleta, in said county and state on this 1st day of April, A. D 1881. Charles Kerber, Administrator of C. H. Howard's Estate."

[Said above deed was duly acknowledged and recorded on the 1st and 2d days of April, 1881, respectively.]

Fourth. The chain of transfers from Ford down to the defendant.

Fifth. The records of the district clerk's office, El Paso county, Tex., showing that the heirs of Charles Howard, deceased, filed suit against Hunt & Seaberg, in trespass to try title, involving the lands in controversy, which suit was settled by compromise, said heirs retaining the lands, also a quitclaim deed showing that A. M. Loomis, defendant, acquired all of the interests of the Howard heirs of the land in controversy.

Sixth. That the records of El Paso county failed to show that John McBride or Louisa McBride ever had any title or claim to the land in controversy.

The first assignment complains that:

"The court erred in peremptorily charging the jury to return a verdict for defendant: First, because the uncontroverted evidence shows that the plaintiffs were the heirs at law of John E. McBride, if Louisa McBride is dead; second, the fact of the absence of Louisa McBride from her last-known residence for more than seven years without having been heard from by her relatives raises the presumption that she was dead; third, plaintiff having shown that John E. McBride was a common source of title of plaintiff and defendant, and that he died December 17, 1877, this was prima facie evidence that John E. McBride had title at the time of his death, and this involves the presumption that he acquired prior to that time the Howard title admitted to be in Howard in 1874, and, plaintiff having shown that they inherit the title of John E. McBride, they were entitled to recover unless defendant proved a better title from McBride."

The facts in evidence unquestionably show that the parties plaintiff are the heirs of Louisa McBride, if she is in fact dead (article 5707, Rev. Civ. Stat. 1911), and we hold that the evidence as shown by record is sufficient to raise the presumption of death. Sovereign Camp, Woodmen of the World, v. Ruedrich, 158 S. W. 170; French v. McGinnis, 69 Tex. 22, 9 S. W. 323.

[1, 2] The appellant's third proposition, above quoted, is the law applicable to cases wherein the defendant, under the facts, is restricted to the common source, for if de-

fendant had no evidence of title other than in McBride, alleged by plaintiff to be the common source, it should be held that the court erred in the peremptory instruction for plaintiff, but the rule permits the defendant to show a superior title in himself from whatever source derived, i. e., that though he and plaintiffs claim from a common source, he is permitted to establish that he has a superior outstanding title to that which they claim from the common source. The deed from Charles Kerber, administrator of Howard, to John Ford, introduced by the defendant, shows the common source back of McBride in Howard, and the fact that there is no conveyance from Howard in evidence, and the proof being that none is of record, shows that McBride had no title unless the recitals in orders of probate court, and the void deed from Kerber, administrator, to Ford are proof of the facts recited therein, that is, that Howard received the consideration and in writing agreed to make title to McBride before his death, thereby vesting the equitable title in McBride. There is no other evidence in the record of title in McBride from Howard. When the defendant showed his claim of legal title through the heirs of Howard, it devolved upon plaintiff to establish that McBride had the equitable title from Howard. If the proof of title had stopped at McBride as common source, then the presumption obtains that the title was in him, but the presumption extends no further. Then the question is: Do the recitals in the probate order and the deed from Kerber as administrator of Howard, quoted above, admitted to be void, constitute such proof? The answer is, They did not; for the appellants repudiate it, do not claim under it, and there is nothing in the record to show that the recitals were introduced as evidence of the truth of the facts recited. Brown v. Orange County, 48 Tex. Civ. App. 470, 107 S. W. 607; Fordtran v. Perry, 60 S. W. 1000. If this deed had been executed by a grantor, owner in the chain of title, and appellees in this proceeding claimed title under it, a very different question would be presented, but this deed having been ordered by the probate court, and the recitals therein being nothing more than an assertion that the court had found, upon hearing, that such were facts, it cannot be held that they are proof of an equitable title from Howard to McBride. So it follows that appellant's fifth proposition cannot be sustained, which is as follows:

"If the fact that McBride was common source of title of plaintiffs and defendant did not avail plaintiffs without further evidence of title, then, after defendant read in evidence the orders of court and deed from Howard's administrator, these orders of court and administrator's deeds under which defendant claimed proved by their recitals that Howard had nothing but the naked legal title, and that the superior equitable title passed from Howard to McBride prior to the death of either of them in 1877 by a contract of sale in writing and the payment of the consideration for said land. The admission that Howard had title in 1874, contained in the stipulation in the record, and the proof that the equitable title which Howard had was passed to McBride, was complete proof of an equitable title in McBride upon which a recovery should have been allowed his heirs in this suit, independent of any proof of common source of title other than Howard."

For the reason that there is no evidence of title from Howard to McBride either legal or equitable. Therefore, having failed to connect themselves through Howard to the state, and defendant having done so through the deeds from the Howard heirs, the plaintiffs cannot recover. The questions presented by the other propositions under the assignment are not well taken and are therefore overruled.

Since the record title is in the defendant, it becomes unnecessary to pass upon the questions of limitation and payment of purchase money by John Ford to guardian, raised by the defendants.

Judgment of the lower court is therefore affirmed.

WALTHALL, J., not sitting.

HIGGINS, J. (dissenting). From the statement of the case made in the majority opinion it is apparent that if title passed from Charles H. Howard, the admitted owner in 1874, to John E. McBride, prior to the latter's death in 1877, then plaintiffs, as the heirs of McBride, must recover, since the deed from Kerber, administrator pro tempore of McBride's estate to Ford, passed no title, being manifestly void, and is so admitted to be by appellee.

Appellants advance the proposition that Howard and McBride each appear to be a common source of title, and since McBride is the later, the presumption of fact arises that McBride, prior to his death, had acquired the title vested in Howard in 1874. In support of this view we are referred to Rice v. Ry. Co., 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72, Cocke v. Ry. Co., 46 Tex. Civ. App. 363, 103 S. W. 407, and others. Under the condition of the chain of title, I do not consider these cases as authority in support of the broad contention made, but that the correct rule is adverse thereto, and is declared in Ferguson v. Ricketts, 93 Tex. 565, 57 S. W. 19; Starr v. Kennedy, 5 Tex. Civ. App. 502, 27 S. W. 26; Story v. Birdwell, 45 S. W. 850; Stubblefield v. Hanson, 94 S. W. 411.

I, therefore, concur in the action of the majority in its adverse disposition of this contention, but am of the opinion that appellant's fifth proposition, quoted in majority opinion, should be sustained and the cause reversed and remanded.

If Howard in the years 1875–1877 agreed in writing to convey to McBride the premises in controversy, and the same were fully paid for by McBride, but Howard died December 17, 1877, without having conveyed the

same in accordance with the terms of his agreement, then the paramount equitable title passed to McBride and his heirs, and there remained in Howard and his heirs only the bare subordinate legal title; and such equitable title of McBride was sufficient to support an action of trespass to try title. Secrest v. Jones, 21 Tex. 121; Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Kirby v. Cartwright, 48 Tex. Civ. App. 8, 106 S. W. 742; Neyland v. Ward, 22 Tex. Civ. App. 369, 54 S. W. 604.

That the equitable title did so pass to McBride is shown by the recitals in the order of the probate court in Howard's estate, directing the administrator to convey the premises to Ford, and in the deed of the administrator made in compliance with and quoting such order. Burk v. Turner, 79 Tex. 276, 15 S. W. 256; Wallace v. Pruitt, 1 Tex. Civ. App. 231, 20 S. W. 728; Peters v. Clements, 46 Tex. 115; Fisk v. Flores, 43 Tex. 340; Merriman v. Blalack, 56 Tex. Civ. App. 594, 121 S. W. 552; Zarate v. Villareal, 155 S. W. 328; Williams v. Chandler, 25 Tex. 4; Gonzales v. Batts, 20 Tex. Civ. App. 421, 50 S. W. 403; Hardy v. De Leon, 5 Tex. 211; Bartell v. Kelsey, 59 S. W. 631; Skov v. Coffin, 137 S. W. 450; Kirby v. Cartwright, 48 Tex. Civ. App. 8, 106 S. W. 742; 1 Greenleaf on Ev. § 23; 2 Wigmore on Ev. § 1257, subd. 3, and section 1082. This order of sale and administrator's deed to Ford is quoted in the majority opinion.

The authorities noted firmly establish the principle that recitals in deeds are at least prima facie evidence of the truth of the facts stated against all parties claiming under the same. In some instances, such recitals rise to the dignity of an estoppel. The distinction which in some instances accords to them such an effect and in others treats the same as merely furnishing prima facie evidence of the truth of the facts recited, which is subject to rebuttal, may be noted in Wallace v. Pruitt, supra, Williams v. Chandler, supra, and 2 Wharton on Ev. § 1040, but is of no importance, as it may readily be conceded that an estoppel does not here arise, but this circumstance in no wise militates against their probative force from an evidential viewpoint.

Neither do I see any ground for the distinction made by the majority in refusing to give the proper probative force to these recitals, because contained in a probate order and administrator's deed, rather than an ordinary deed between individuals. Since Loomis claims under this order and deed, the probative force of the adverse recitals therein becomes effective regardless of the character of the instruments.

The record discloses that appellee introduced the same in evidence without any limitation or qualification, together with the mesne conveyances from Ford to appellee

Loomis. Loomis had no shadow of title, except under Ford, until September 20, 1907, when he obtained a quitclaim deed from Howard's heirs and a large portion of the statement of facts is taken up by evidence offered by him in an effort to prove title under the five-years statute of limitation based upon the deeds under Ford. Much evidence was offered of possession by his immediate and remote vendors, Seaberg, Hunt, and others, who claimed alone under deed from Ford in 1881, and when Seaberg conveyed to Loomis on January 5, 1906, this was the only record title which he had. If appellee claimed under Ford, the probative force and effect of the recitals mentioned is not avoided, simply because an estoppel had not arisen, or the order and deed were invalid.

For the reason indicated, I think the cause should be reversed and remanded.

### On Rehearing.

HIGGINS, J. For reasons unnecessary to detail, I agree that the motion for rehearing herein may be overruled.