Gene LARY et ux., Appellants,

v.

Sam MUNDINE et al., Appellees.

No. 3321.

Court of Civil Appeals of Texas.

Eastland.

May 31, 1957.

Rehearing Denied June 21, 1957.

Gene Lary, Dallas, for appellants.

Ralph R. Wood, Corpus Christi, Weldon Cabiness, Rockport, Charles B. Ellard, Perry B. Carroll, Dallas, Neel & Seeman, Corpus Christi, for appellees.

GRISSOM, Chief Justice.

Lary and wife sue Mundine and wife and Atlantic Refining Company in trespass to try title to two tracts of land. It is agreed that Atlantic Refining Company has a valid oil and gas lease on said land and the judgment in its favor will not be disturbed. Mundine and wife, among other things, pleaded the four and five year statutes of limitation and filed a cross-action in trespass to try title. In a trial to the court judgment was rendered for defendants and plaintiffs have appealed.

Plaintiffs did not attempt to show title from the State but claimed to hold title superior to that of the Mundines only from and under R. A. Holland as the common source of their title. Plaintiffs offered in evidence a deed from R. A. Holland to his wife, Lillian Bergen Holland; a deed of trust from Holland and wife for the benefit of Lloyds America, Inc., to secure payment of their note for $5,000 executed in March, 1928, and payable "on demand after thirty (30) days notice"; judgment in the case of the State of Texas v. Lloyds America appointing a receiver of its property; a report of the receiver and an order approving that report in January, 1949; **a**

deed, dated April 25, 1941, from Lillian Bergen Holland to E. R. Perry, which recited that it was subject to all outstanding liens against the land; a power of attorney from E. R. Perry to John F. Perry authorizing him to sell said land; a deed, dated March, 1942, from E. R. Perry by said attorney in fact to Lillian B. Holland, which recited that it was subject to all outstanding indebtedness, including taxes, which were assumed by said grantee; a general conveyance dated December 30, 1946, from the receiver of Lloyds America to Gene Lary, transferring certain specific stocks and all other property which Lloyds America then owned; the appointment of a substitute trustee and a request to sell, dated July, 1954, by Lary and the substitute trustee's deed to Lary. Plaintiffs also offered for the limited purpose of showing common source of title, a sheriff's deed, dated April, 1942, from E. R. Perry, by the sheriff, to Sam Mundine in culmination of a tax foreclosure suit.

The Mundines introduced all the proceedings in a tax foreclosure suit in the District Court of Aransas County, styled the State of Texas et al. v. E. R. Perry et al., in which the State, county and school district sought to recover taxes against E. R. Perry, if living, and, if dead, his unknown heirs, and against the unknown owners of the land in controversy, for 1930 through 1941, and foreclosure of their liens. As a result of this tax foreclosure suit, judgment and order of sale, the sheriff's deed was executed in April, 1942, to Mundine. Said deed was offered by defendants for all purposes. It purported to convey not only the title and interest of E. R. Perry but also that of his unknown heirs and the unknown owners of such land on March 2, 1942. The Mundines also introduced all the proceedings in a case in the same court styled Sam Mundine v. American National Insurance Company et al., in which judgment was rendered awarding Mundine title and possession of the land in controversy against 82 specifically named defendants and five groups of class defendants. R. A. Holland and Lillian Bergen Holland were among the 82 defendants specifically named from whom Mundine recovered the title and possession of the land in controversy.

The court found that the Larys failed to show a title superior to that of the defendants from and under a common source, "or otherwise". With reference to the note executed by Holland and wife to Lloyds America which was secured by a deed of trust on the land in controversy, under a foreclosure and sale of which by a substitute trustee Lary claims title, the court found that the Larys had never seen or had possession of said note; that the only evidence that it was ever in the possession of the receiver was a notation in his report of 1939, under the heading "Mortgage–Loans–12/31/39", showing the date of a note to be "3–16–38", and to be of the book value of $5,000. The court found that the description of the property securing payment of said note did not include the property in controversy, unless it be inferred that "10 acres Aransas Co" under the heading "Description" was intended to describe the 20 acres here involved. The court found that said description was insufficient. The court found that said receiver's report was the only report introduced by the plaintiffs; that it was dated December 31, 1931, seven years prior to the date of the general conveyance by the receiver to Lary, which made no specific reference to said note. The court found that, based upon the receiver's report and the presumption that the receiver did his duty, the receiver made demand upon Holland and wife for payment of said note at least seven years before the receiver purportedly conveyed the residual assets of Lloyds America to Lary and more than 14 years before the substitute trustee's sale to Lary. The court found that if the receiver conveyed the note to Lary such conveyance was not authorized.

The court found that, after receiving the sheriff's deed dated April 14, 1942, Mundine immediately took actual possession of the

land, enclosed it with a cattle-proof fence and that he has remained in possession since that time; that Mundine paid all taxes due thereon for 1943 to 1954, both inclusive, before they became delinquent and, during all that time, claimed to own said land; that Mundine's claim has been notorious and hostile to all others and that no adverse claim had been made by anyone until it was asserted by Lary, after the execution of his substitute trustee's deed in September, 1954.

The court concluded that the Larys had failed to show a title under a common source and that they asserted no other title; that the Hollands' note to Lloyds America was presumptively paid, or, in the alternative, barred by the four year statute of limitation before it was acquired by Lary, if he ever acquired it, and that Lary was not the owner of said note when he appointed a substitute trustee nor when such trustee purported to convert the land to Lary; that the Larys acquired no title to the note by "the attempted, unauthorized" general conveyance from the receiver and that the Mundines were vested with title under the five and ten year statutes of limitation and plaintiffs' claim was barred thereby.

Appellants' points are substantially that (1) the court erred in holding that the Mundines were vested with title under the five and ten year year statutes of limitation because Lary filed this suit on September 7, 1955, and his cause of action did not accrue until the deed of trust lien was foreclosed and Lary received the deed from said substitute trustee on September 7, 1954; that (2) the court erred in holding that the Hollands' note to Lloyds America was presumptively paid or, in the alternative, barred by the four year statute of limitation before it was acquired by Lary, if he ever acquired it; that (3) the evidence showed prima facie that Lary acquired the note and was the holder thereof when he appointed a substitute trustee and the trustee sold the land to him; that (4) the court erred in admitting the proceedings

in Mundine v. American National Insurance Company because it did not affect the right of the mortgagee, Lloyds America, since neither said mortgagee, nor the receiver, nor anyone holding under said mortgagee was a party to said suit; that (5) appellants proved title superior to that of appellees and the court erred in holding to the contrary; that (6) the deed of trust, the instrument appointing a substitute trustee and his deed to Lary were each regular and valid on its face and prima facie proved title in appellants and such evidence was not refuted by the Mundines and, therefore, the court erred in rendering judgment against the Larys.

Appellees' first three counterpoints are that, (1) since the evidence showed that the Mundines held and claimed title through and under others than R. A. Holland, whom Lary says was their common source of title, the court correctly held that the Larys did not prove superior title from and under R. A. Holland as the common source of title; that (2) the court did not err in admitting in evidence the proceedings in the trespass to try title suit of Mundine v. American National Insurance Company et al. over Lary's objection that neither Lloyds America, nor the receiver, nor anyone holding under them were parties to that suit and that all issues in that suit were immaterial and hearsay and (3) the court did not err in holding that the Larys had not proved a title superior to the Mundines, who were in possession.

The Larys did not attempt to prove title from the State but claimed only to hold a title superior to the Mundines from and under R. A. Holland as the common source; therefore, appellants were not entitled to recover unless they showed that the Mundines claimed title only from and under R. A. Holland. The Mundines were in possession. If they showed bona fide claims of title from others than R. A. Holland the judgment must be affirmed. The controlling question, therefore, is whether, as a matter of law, the Larys proved a title

superior to that of the Mundines from and under R. A. Holland as the common source.

■ We have heretofore stated the evidence introduced by the Larys in an effort to establish that they held a title superior to that of the Mundines from and under R. A. Holland as the common source of their titles. As shown, the Larys introduced, for the limited purpose of showing common source, the sheriff's deed of April, 1942, conveying whatever interest was owned by E. R. Perry, his unknown heirs, if any, and the unknown owners of said land to the Mundines. The Mundines introduced, obviously for the purpose of showing that they were not claiming title only under R. A. Holland, the entire proceedings in the tax suit of the State v. E. R. Perry et al. in pursuance of which the sheriff purported to convey to the Mundines all title owned by Perry, his heirs, if any, and the unknown owners of said land. The sheriff's deed purported to convey not only the title of E. R. Perry but also that of his unknown heirs, if any, and that of the unknown owners of said land on March 8, 1942. The Mundines also introduced all the proceedings in Mundine v. American National Insurance Company et al., in which Mundine recovered judgment awarding him title and possession of the land in controversy, in February, 1949, against 82 specifically named defendants, including R. A. Holland and wife, and five groups of class defendants. Appellants objected to said proceeding because neither Lloyds America, nor the receiver, nor anyone holding under them were parties to said suit. Said proceedings were admissible to show that R. A. Holland was not the only source of title claimed by the Mundines. Said proceedings and judgment were not offered as an adjudication of title in the Mundines and Lary's objection was properly overruled.

■ It was agreed that there was nothing of record in Aransas County showing the receivership when said judgment was rendered but that a lis pendens notice was filed in said case in said county in July, 1948. It follows that the Mundines, who have been in possession of the land since 1942, claimed title by judgments and conveyances purporting to award and convey the title to said land to the Mundines from others than R. A. Holland, through whom alone the Larys claim title. R. A. Holland and wife were defendants in said suit to clear title. But, the Mundines also claim title from E. R. Perry's unknown heirs and from the unknown owners of said land by virtue of the tax foreclosure judgment and sheriff's deed of April 14, 1942, purporting to convey said titles to the Mundines and they claim title through and from all the many defendants in said title suit. We, therefore, cannot agree with appellants that they have established that R. A. Holland is the common source of their title and all of the titles claimed by the Mundines. Having failed to establish that the Mundines claimed title only from the alleged common source of title, in order to recover, it was incumbent upon the Larys to prove title from the State, which they failed to do. Hendricks v. Huffmeyer, 90 Tex. 577, 40 S.W. 1; Howard v. Masterson, 77 Tex. 41, 13 S.W. 635, 636; Story v. Birdwell, Tex.Civ.App., 45 S.W. 847, 850 (Writ Ref.); Mayfield v. Robinson, 22 Tex. Civ.App. 385, 55 S.W. 399, 401 (Writ Ref.); Starr v. Kennedy, 5 Tex.Civ.App. 502, 27 S.W. 26; Ball v. Carroll, 42 Tex.Civ.App. 323, 92 S.W. 1023, 1025 (Writ Ref.).

We conclude that reversible error is not shown. Appellants' points are overruled. The judgment is affirmed.