H. P. HOWARD v. BRANCH T. MASTERSON.

No. 6513.

1. **Common Source of Title.**—When the plaintiff in an action of trespass to try title has proved that both he and the defendant claim from the same grantor, and that he has the superior title as emanating from that source, he has made a prima facie case. No other facts appearing, it is to be presumed that the defendant claims no other title. The effect of his claim is to assert that prior to the conveyance through which he derives his right the title was in the common source; and this is deemed sufficient to relieve the plaintiff from the necessity of proving that fact.

2. **Same—Case in Judgment.**—Plaintiff exhibited a deed for the land in controversy, being one-third interest in a survey. He also read in evidence a junior sheriff's deed for the same interest in the same survey. The sheriff's deed conveyed to the defendant the land as having been seized and sold as the property of the grantor of plaintiff and his sister—heirs of Peter and Mary C. McGrael. It not appearing what interest was conveyed from the common source by the sheriff, *held*, that judgment was properly rendered for the defendant, the plaintiff not showing title nor a common source of title.

3. **Same.**—Nor would the fact that the sister had not been cited in the suit under which the sheriff sale was made alter the result.

APPEAL from Nolan. Tried below before Hon. W. H. Kennedy.
The opinion states the case.

*B. L. Aycock*, for appellant. — 1. The court erred in holding upon his findings of fact that plaintiff failed to show common source of title to at least all the land except the interest of Mrs. Levin in 492 acres sued for. Rev. Stats., arts. 4802–4806; Keys v. Mason, 44 Texas, 140; Wilson v. Palmer, 18 Texas, 596; Holmes v. Johns, 56 Texas, 53; 47 Texas, 454.

2. The judgment against Levin and wife was void, because it recited service on them in Cooke County, Illinois, by a deputy sheriff of Illinois. Pennoyer v. Neff, 95 U. S., 565; Freem. on Judg., 136.

*Cowan & Fisher*, for appellee.

GAINES, ASSOCIATE JUSTICE.—The appellant brought this suit against appellee in the ordinary form of an action of trespass to try title, alleging that he was the owner of an undivided one-third interest in the land in controversy, and that the heirs of John Clark, deceased (who were neither named nor made parties to the suit), were the owners of the other undivided two-thirds. Upon the trial the plaintiff sought to prove his case by showing that both he and defendant claimed title under Clarence W. McGreal as a common source, and that as between the two his was the superior title. He did not attempt to deraign title from the sovereignty of the soil. He introduced in evidence a deed from Clarence McGreal to Lucy E. Howard, his wife, for the land in controversy, dated July 26, 1878, and in order to establish the common source also introduced a deed

from the sheriff of Noland County to appellee, purporting to convey the interest of Clarence W. McGreal and Cornelia Levin in the land in con-- troversy. This deed was dated April 4, 1883. The sale by the sheriff was made by virtue of an execution issued upon a judgment against Clar- ence W. McGreal and Cornelia Levin as heirs of Peter and Mary C. Mc- Greal. Whatever interest passed by the deed to Mrs. Howard was prima facie the community property of appellant and his wife.

The court below held that the plaintiff had failed to show that he and defendant claimed under a common source, and gave judgment for the defendant. We are of opinion that the court did not err in so holding. When the plaintiff in an action of trespass to try title has proved that both he and the defendant claim from the same grantor and that he has the superior title as emanating from that source, he has made out a prima facie case. No other facts appearing, it is to be presumed that the de- fendant claims no other title. The effect of his claim is to assert that prior to the conveyance through which he derives his right the title was in the common source, and this is deemed sufficient to relieve the plaintiff from the necessity of proving that fact. The rule is just, useful, and convenient. But "it is not broadly true to say, as is sometimes said, that when two persons trace title to the same grantor each is estopped as against the other." Bige. on Estop., 4 ed., 335. The author just quoted also says, "The question is one of the burden of proof only." Id., 336,. note 1.

In this case the plaintiff claimed title to an undivided one-third in- terest in the survey described in his petition, under a deed from Clarence McGreal, and he proved that the defendant held a sheriff's deed which purported to convey to him an undivided third interest in the land as the property both of Clarence McGreal and Mrs. Levin.

What interest the defendant claimed to have derived through the sher- iff's sale from Clarence McGreal the deed does not show. The effect of the conveyance is merely to show that defendant asserted some title to be in McGreal at the time of the sale. This is not sufficient to enable plaintiff to recover. He may have established that he is entitled to McGreal's in- terest; he should also show what that interest is before he can have a judg- ment, and this he has failed to prove.

But appellant insists that for want of valid service upon Mrs. Levin the judgment against her was void and the sheriff's sale passed no title to defendant. Should this be true it matters not. The deed to defend- ant shows that while he asserted an interest in the land in McGreal, he also asserted an interest in Mrs. Levin, and proof of the extent of the in- terest to which plaintiff has shown his title is still wanting. Besides, the defendant introduced in evidence a deed from Mrs. Levin and her hus- band, conveying to him her interest in the land in suit, whatever that in- terest may have been.

The plaintiff should have shown title in Clarence McGreal from the sovereignty of the soil.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 22, 1890.