ALEXANDER GILMER v. S. O. BEAUCHAMP.

Decided June 17, 1905.

**1.—Trespass to Try Title—Common Source.**

Where plaintiff in trespass to try title has proved that both he and defendant claim from the same grantor, and that he has the superior title emanating from that source, he has made out a prima facie case, but the defendant is not thereby estopped from showing a claim through another source.

**2.—Same—Joint Deed Proving Common Source.**

Where a deed conveyed land by general warranty for and in the name of two vendors making it, binding each to warrant and defend the title to the whole tract, it could be used to prove common source where only one of the vendors, or his heirs, sued for an undivided interest in the land, it being clear that each vendor intended to convey, and the vendee undertook to buy, the respective interests of each.

**3.—Deed—Tenants in Common—Presumption.**

Where a deed is made by tenants in common it is presumed, in the absence of proof to the contrary, that their interests are equal.

**4.—Costs—Rule for—Practice on Appeal.**

It is not ground for reversing a judgment in plaintiff's favor that the record shows that a rule for costs had been entered and does not show that it had been complied with, it not appearing that the matter was called to the court's attention, or what action was taken thereon. The statute on the subject of security for costs is not mandatory in the sense that the court must enter the order of dismissal of his own motion if cost bond is not given as required. Rev. Stats., art. 1440.

**5.—Notice Served on Attorney—Presumption on Appeal.**

Where the record on appeal shows that a notice of filing copy of a deed was served on the party named in the precept as attorney of record for defendant, and the record is otherwise silent as to whether he was such attorney of record, it will be presumed that he was attorney of record.

Appeal from the District Court of Newton. Tried below before Hon. W. P. Nicks.

*Holland & Holland,* for appellant.—A power of attorney executed by two persons, authorizing and empowering the agent or attorney in fact to sell and dispose of a certain tract of land, and a deed executed by said attorney in fact conveying said land by general warranty deed for and in the name of both vendors, binding each vendor to warrant and defend the title to the whole tract of land, does not prove common source where only one of the vendors or his heirs are suing for an undivided interest in the land. Speer v. Kennedy, 27 S. W. Rep., 26; Howard v. Masterson, 77 Texas, 41.

*Geo. W. Graves,* for appellee.

GILL, ASSOCIATE JUSTICE.—This action was brought by the appellee, in the form of an action of trespass to try title, to recover of defendant an undivided interest of 276¾ acres of land in the north half of the Richard Simms league, in Newton County, Texas. The defendant pleaded not guilty. A trial by jury resulted in a judgment for plaintiff for the interest sued for, and defendant has appealed.

The facts are as follows: Mrs. Cecilia M. Beauchamp, deceased, was the wife of S. O. Beauchamp. The plaintiff claimed as her heir through a deceased daughter, and it was shown that defendant claimed under her through a power of attorney purporting to have been executed by her and J. D. Nettles, and a deed executed by the attorney in fact in pursuance of the power. No evidence was adduced by defendant to show that he claimed the interest sued for under any other title or through any other source. Josiah D. Nettles, his brother, J. A. Nettles, and their sister, Cecilia Nettles, owned the north half of the Simms league. Cecilia Nettles married A. J. Norwood, and afterwards their one-third interest was conveyed to J. D. and J. A. Nettles. The land was acquired by purchase from one Hinkley. J. A. Nettles died in July, 1858, leaving a daughter, Cecilia M. Nettles, to whom he devised his interest in the land in question. This Cecilia M. Nettles married S. O. Beauchamp, the plaintiff. On the face of the evidence, she appears to have acquired through her father's will an undivided half interest in the north half of the Simms league, and there is no evidence to rebut the prima facie case thus made as to the extent of her interest. Cecilia M. Nettles died in November, 1883, intestate, leaving two daughters, Susie M. Beauchamp, Cecilia Nettles Beauchamp, and her husband, the plaintiff, surviving her. Her interests thus descended to the two daughters. The daughter Susie M. Beauchamp married John K. Laycock in November, 1893, and died intestate in 1894, leaving her husband and a child surviving her. The child lived only two months. Laycock thereafter married her sister, Cecilia Nettles Beauchamp, and she died childless and intestate in April, 1896. Laycock is alive, and resides in Louisiana, where he married both his wives, and where they both died. It thus appears that, through the surviving child, Laycock inherited the interest of Susie, his first wife, and that plaintiff, her father, inherited one-half of the interest of Cecilia, the second wife of Laycock, the latter taking the other half. The sum of all the undivided interests amounting to half of a league of land, and, the plaintiff thus inheriting one-eighth of the half league, his interest would be equal to the number of acres sued for. J. D. Nettles and his niece, Mrs. Cecilia M. Beauchamp, joined pro forma by her husband, the plaintiff, undertook to execute a power of attorney authorizing and empowering one Hicks to sell and convey the entire north half of the league. Acting under this power, Hicks sold and conveyed the land to appellant Gilmer. The power of attorney was a nullity as to Mrs. Beauchamp, her acknowledgment thereto being fatally defective. This suit is brought by S. O. Beauchamp to recover the undivided interest above disclosed, on the ground that the interest of his wife did not thereby pass. Plaintiff did not undertake to trace the title to the sovereignty of the soil. It is not contended by appellant that the power of attorney and the deed of the

attorney in fact had the effect of passing the interest of Mrs. Beauchamp, nor that plaintiff is estopped to assert an interest therein. .

The judgment is assailed upon only two grounds: First, because common source was not shown, and no title in plaintiff otherwise shown; second, because the extent of his interest was not disclosed.

That Gilmer holds under the power of attorney, and not otherwise, is undisputed. He contends, however, that because the power of attorney, and the deed made to him in pursuance thereof, did not disclose the respective interests of the vendors, but bound each to warrant and defend the title to the entire tract, it amounted to two distinct conveyances of the entire tract—one from J. D. Nettles, and one from Mrs. Beauchamp. We are of opinion the power of attorney should not be so construed. Where the plaintiff in an action of trespass to try title has proved that both he and defendant claim from the same grantor, and that he has the superior title emanating from that source, he has made out a prima facie case. No other facts appearing, it is to be presumed that defendant claims through no other title. The prima facie case thus made does not estop the defendant from showing a claim through another source. The question is one of burden of proof only. These rules are laid down in Howard v. Masterson, 77 Texas, 41, 13 S. W. Rep., 635, cited by appellant in support of his proposition. We have concluded, after a careful reading of the opinion, that it is not authority for the proposition advanced by plaintiff. The distinction between that case and the one before us is very evident when the facts of the two cases are considered. In that case plaintiff Howard and his wife claimed an undivided third interest in the land sued for under a deed from Clarence McGreal to Howard's wife. Defendant claimed the land under an execution sale in which a one-third interest in the land was sold as the property of Clarence W. McGreal and Cornelia Levin as heirs of Peter and Mary C. McGreal. The sheriff's deed did not disclose the interest either of Mrs. Levin or of McGreal. The sheriff's deed being an involuntary conveyance, and not disclosing the respective interests of the execution defendants, there was no presumption that their interests were equal. It may have all belonged to Mrs. Levin, and McGreal may have been named to foreclose any possible claim of his. It had the effect to convey whatever right, title, or interest the execution defendants might have had. In this case it is shown that J. D. Nettles and Mrs. Beauchamp owned in equal, undivided parts the land intended to be conveyed by the power of attorney. While they both joined in the execution of this instrument, and warranted the title to the whole, it is clear that each intended to convey, and the vendee undertook to buy, the respective interests of each. There is nothing in the record to indicate that each was asserting title to the whole, or that Gilmer was buying conflicting claims in order to procure a perfect title. The facts show they undertook to convey as tenants in common, and the rule is that, in the absence of proof to the contrary, their interests are presumed to be equal. (17 Ency. of Law, p. 651.)

Our fact conclusions show that the interest of plaintiff was sufficiently disclosed by the evidence.

We are of opinion that, as against the objections urged here, the undisputed evidence authorized the judgment. It is therefore affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

Since the affirmance by this court of the judgment of the court below we have permitted appellant to bring up by certiorari the judgment appealed from as corrected by proceedings subsequently had in the court below. The only material change made therein is that, as corrected, it shows that defendant was not present at the trial and not represented by an attorney, except that an attorney was authorized to suggest to the court that the case be postponed, which he did. The suggestion was ignored and the cause tried, but the attorney declined to act further for defendant, and was without authority to act further.

The only material assignments presented in the brief were to the effect that plaintiff did not prove common source or otherwise prove title in himself. The assignments addressed in one form or another to this point were disposed of in the main opinion, and we have found no reason to change our views. Nor does the change in the judgment of the trial court in any way affect the question.

With the supplemental record appellant has brought up additional assignments of error, the objections to which insofar as the manner of their presentation is concerned have been waived by appellee. The first assignment presenting an additional question is numbered six in the supplemental record. It contains a complaint against the action of the trial court in making any order in the case except one of dismissal, because at the previous term a rule for costs had been entered, which this record does not show had been complied with. Under our statute either the clerk or the defendant may require of plaintiff a bond for costs. If the requirement is not met by the first day of the following term, the court shall dismiss the action. In this case the record is silent as to whether it was called to the court's attention, or as to what action was taken thereon. It may have been waived. It may have been complied with in some way. It affirmatively appears that defendant's attorney asked for a postponement or continuance, and no mention was made of the failure to comply with the rule for costs. In our opinion the statute is not mandatory in the sense that the court must enter the order of dismissal of his own motion if cost bond is not given as required. The failure must be called to the court's attention or it will be considered waived. The assignment is overruled.

The next two assignments are addressed to the action of the trial court in admitting in evidence a certified copy of a deed and power of attorney material to the establishment of plaintiff's case. The objections here urged to each were the failure to give the statutory notice of filing and notice to produce the original. Pretermitting the question whether a defendant duly served and who has duly answered may refuse to appear and take part in the trial and thereby impose upon the plaintiff the burden of conducting the proceeding absolutely without error, we pass on the question as made. As to notice of filing copies the record discloses that notice was served by the sheriff on C. H. Howard, the party named in the precept as attorney of record for defendant. This record is otherwise silent as to whether at any time Howard was attorney of record for defendant. He being so named in the precept, the inference

will be indulged that he was, in the absence of an affirmative showing otherwise.

As to all these matters it seems to us the appellant's rights rested upon the question whether the trial court abused his discretion in trying the cause under the circumstances in the absence of appellant's counsel and this question is not made.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.