DUNN et al. v. TAYLOR.†

(Court of Civil Appeals of Texas. San Antonio. March 13, 1912. Additional Opinion April 10, 1912. Rehearing Denied May 15, 1912.)

1. ADVERSE POSSESSION (§ 114*)—TIME—EVIDENCE.

Evidence held insufficient to show continuous adverse possession of certain lands in controversy for five years.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682–690; Dec. Dig. § 114.*]

2. ADVERSE POSSESSION (§ 85*)—EVIDENCE—DEEDS—RECORD—DELAY.

Where recorded deeds are offered in connection with a plea of five years' adverse possession, and considerable time elapsed between the execution of the deeds and their registration, some evidence must be introduced to explain the delay and enable the jury to determine whether it was reasonable.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 498–503, 656, 660, 668; Dec. Dig. § 85.*]

3. APPEAL AND ERROR (§ 1175*)—REVERSAL—NEW TRIAL—SUBSEQUENT APPEAL—DETERMINATION OF CAUSE.

Where a judgment in an action to recover real property was reversed and remanded to give appellees an opportunity to perfect their proof on the issue of adverse possession, and the evidence introduced on the subsequent trial was insufficient to sustain such issue or a judgment in their favor thereon, such a judgment on a second appeal will be reversed and judgment rendered without a further remand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

On motion for rehearing.

For former opinion, see 143 S. W. 311.

See, also, 107 S. W. 952.

JAMES, C. J. In this case the trial court permitted the jury to pass on the issue of limitations and the verdict returned was in favor of appellees on that issue; the jury stating that they had peaceable and adverse possession for a period of five years commencing January 1, 1893, and ending July 24, 1901.

[1] The testimony does not sustain the verdict. It shows that there was adverse possession by tenants of the San Antonio National Bank commencing with Presnall and Blocker, who left the land in the fall of 1894. Ed English, according to the testimony of Sam English, went into possession in the

fall of 1894, and Ed English testified he remained in possession as lessee for a year, or until the fall of the following year. This would make it the fall of 1895. Then it was leased to Cavender in October, 1895, and he had possession until October 8, 1897, when a lease was made to one Howell, who, however, did not go into possession at all, and on December 29, 1897, he, by consent of the agent of the bank, transferred his lease to A. Eardley. From this evidence it may have been found that from January 1, 1893, to October 8, 1897, there was possession for four years and nine months, which was insufficient to satisfy the five years' statute. Between October 8, 1897, and December 29, 1897, there was a tenant, but no possession by him. Now, if we count from the possession recommenced on December 29, 1897, after this break, we see that between that date and July 24, 1901, there were not five years. The verdict is therefore not supported by the evidence, and the court should not have submitted the issue of limitations.

[2] There were several recorded deeds in evidence executed after 1900, which were introduced in connection with the pleas of the five years' statute. Between the dates of these deeds and their filing for registration there was such considerable lapse of time as made it necessary for some proof to be introduced explanatory of the delay as consistent with a reasonable time, in order to enable the jury to pass upon the question that the delays were reasonable. It seems that there was evidence that possession continued after the date fixed by the jury, July 24, 1901.

We conclude that the motion should be granted, and judgment reversed and the cause remanded.

#### Additional Opinion.

[3] Since delivering the above opinion, appellant has presented a motion asking that we render judgment in his favor, instead of remanding the cause for another trial. The Supreme Court, on a former appeal of this cause, remanded it to give appellees another opportunity to perfect the proof on the issue of limitations, if additional evidence existed. We see no warrant for indefinitely continuing this practice. Therefore we conclude the motion should be granted, the remanding of the cause set aside, and that judgment be rendered here in favor of appellants.