SWEETEN et al. v. TAYLOR et al.
(No. 5564.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1916. On Motion for Rehearing, April 5, 1916.)

1. TRESPASS TO TRY TITLE ☞41(1)—ACTIONS —TITLE FROM SOVEREIGNTY.

Where plaintiffs introduced a patent to the heirs of one deceased and deeds from certain persons of the same name, but made no showing that such persons were the heirs of deceased, and the deeds did not so recite, they failed to deraign title from the sovereignty.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62; Dec. Dig. ☞41(1).]

2. TRESPASS TO TRY TITLE ☞41(2) — TITLE FROM COMMON SOURCE—PROOF OF.

Where plaintiffs claimed under deeds of trust executed by G. and another, while defendants claimed title from G., but their chain did not show the interest of any other person, plaintiffs did not establish the claim of title from a common source; there being no proof of the interest which either of their grantors had.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62; Dec. Dig. ☞41(2).]

3. ADVERSE POSSESSION ☞82—RUNNING OF STATUTE—POSSESSION.

Where after conveyance of one-half of the premises the grantee went into possession holding the entire premises for the benefit of himself and his grantor, but failed to record his deed, there can be no reliance on the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 468–471; Dec. Dig. ☞82.]

4. ADVERSE POSSESSION ☞82—RUNNING OF STATUTE—CLAIM UNDER COLOR OF TITLE.

Where there was a delay of over three months in recording a deed, the grantee's possession was not under color of title within the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 468–471; Dec. Dig. ☞82.]

5. LIMITATION OF ACTIONS ☞85(5) — RUNNING OF STATUTE—ABSENCE FROM STATE.

Under Rev. St. 1911, art. 5702, declaring that, if any person against whom there shall be a cause of action shall be without the limits of the state at the time of the accruing of such action or at any time during which it might have been maintained, such absence shall not be taken as a part of the time limited, time when defendant was without the state must be deducted in determining where plaintiff's action was barred by the five-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 453; Dec. Dig. ☞85(5).]

6. TRESPASS TO TRY TITLE ☞41(1)—ACTIONS —JUDGMENT.

Mere evidence of prior possession without proof of title from the sovereignty or that the parties claimed under a common source will not warrant judgment for plaintiffs.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62; Dec. Dig. ☞41(1).]

7. APPEAL AND ERROR ☞879—NECESSITY OF APPEALING.

A judgment against several will not be disturbed as regards those defendants who did not appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3581–3583; Dec. Dig. ☞ 879.]

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Action by Mrs. Mollie Taylor and husband against Charles Sweeten, C. W. McFadden, and others. From a judgment for plaintiffs, the named defendants appeal. Reversed and remanded as to them; affirmed as to defendants not appealing.

Love & Ellis, of Uvalde, for appellants. W. C. Linden, of San Antonio, for appellees.

MOURSUND, J. On February 23, 1911, Mrs. Mollie Taylor, joined by her husband, J. S. Taylor, sued G. W. Chant, C. Kruger, Charles Sweeten, D. C. Enloe, L. S. Friday, and W. J. Barker in trespass to try title, seeking to recover survey No. 236 and 210 acres out of survey No. 235, both originally granted to E. B. Franklin, and situated in Edwards county. On June 9, 1913, an amended petition was filed in which W. T. Gardner was made a party defendant and G. W. Chant was omitted. On June 9, 1914, by second amended original petition, C. W. McFadden was also made a defendant. The suit was filed in the district court of Edwards county, and was transferred to the district court of Uvalde county. No citation was issued to Sweeten, and no effort made to obtain service upon him, nor any answer filed by him until the April term, 1915, of the district court of Uvalde county. Defendant Enloe was never served with citation, and did not answer. Kruger disclaimed as to all the land sued for. Friday and Barker alleged that before the suit was filed they had sold and conveyed said lands. Gardner alleged that he had purchased a part of the land on or about July 16, 1910, and had conveyed the same to McFadden on March 27, 1913. He pleaded, however, the three, five, and ten year statutes of limitation in bar of plaintiffs' suit. McFadden answered on March 20, 1915, and alleged the ownership by him of 195 acres out of the east end of said survey No. 236 and a part of survey No. 235. He fur-

ther alleged that he had purchased such lands on March 27, 1913; that his deed was duly recorded on April 17, 1913; and that he had not been made a party defendant until June 9, 1914. He also pleaded the three, five, and ten year statutes of limitation. Sweeten disclaimed as to all except 80 acres out of survey 236, and as to said 80 acres he answered by plea of not guilty and pleas of limitation under the three, five, and ten year statutes.

Judgment was rendered by the court in favor of plaintiffs against Sweeten and McFadden for the portions of survey No. 236 respectively claimed by them and against Friday, Barker, and Gardner for all lands sued for out of survey 236; that plaintiff take nothing by her suit as to any portion of survey 235; that the suit be dismissed as to Enloe, Kruger and Chant. No findings of fact and conclusions of law were filed.

[1] Plaintiffs introduced in evidence the patent to the heirs of Elijah B. Franklin granting survey No. 236, containing 640 acres. They introduced a copy of a power of attorney to Thos. J. Franklin from certain parties, which recited that Elijah B. Franklin was their brother; copy of power of attorney by the same parties, through Thos. J. Franklin, as attorney in fact, and Thos. J. Franklin for himself, to Robert A. Gillespie; copy of a deed by said parties to Wm. F. Gillespie conveying a one half interest in all lands owned by Elijah B. Franklin in Texas, which recites that R. A. Gillespie is to have the other half for locating such lands; copy of deed from W. F. Gillespie and M. A. Gillespie to James H. Gillespie for an undivided half interest in said lands; copy of deed from W. F. Gillespie to Mollie A. Taylor for all of survey No. 236. This deed is dated March 9, 1889, and was filed for record on April 8, 1889. All of these instruments were admitted over the objection of defendants, and the court afterwards concluded that they should not be considered, and that plaintiffs had failed to show title from the sovereignty of the soil. This conclusion was correct. Even if it were conceded that the recitals constitute evidence of the facts stated, such facts fail to show that the grantors were the heirs of Elijah B. Franklin.

[2] Appellants contend that plaintiffs failed to show common source. For the purpose of showing common source plaintiffs introduced in evidence a deed of trust, dated March 25, 1897, by W. F. Gillespie and Charles J. Gillespie to J. H. McLeary, trustee, to secure a note in favor of Mrs. Abigail E. Gillespie for $1,700, conveying said survey 236 and 193 acres out of survey 235; also probate proceedings in the estate of Abigail E. Gillespie, including the appointment of the ancillary administrator; the appointment by the ancillary administrator of a substitute trustee; deed from the substitute trustee to the administrator; deed from the admin-

istrator to W. D. Sutherland. Defendants introduced in evidence the same instruments, and also deeds showing that defendants McFadden and Sweeten deraign title from said W. D. Sutherland to the portions of survey No. 236 claimed by them.

The deed of trust, as well as the evidence, fails to show what interest in survey No. 236 was claimed by Chas. Gillespie and what interest therein was claimed by W. F. Gillespie at the time of the execution of the deed of trust. They conveyed, "among other lands, 640 acres, the E. B. Franklin survey No. 236, and 193 acres out of the E. B. Franklin survey No. 235." Appellants' contention is that, as the evidence shows that plaintiffs deraign title from W. F. Gillespie, while appellants deraign title from W. F. Gillespie and Chas. Gillespie, such evidence fails to show common source. The leading cases on the question involved are the following: Howard v. Masterson, 77 Tex. 41, 13 S. W. 635; Hendricks v. Huffmeyer, 90 Tex. 577, 40 S. W. 1; Gilmer v. Beauchamp, 40 Tex. Civ. App. 125, 87 S. W. 907 (in which a writ of error was refused). The opinions in the two Supreme Court cases were written by Chief Justice Gaines, and in the second he states what principle was decided in the first, and apparently was of the opinion that common source cannot be shown by plaintiff by the introduction in evidence of a deed by his grantor and another person under which defendant deraigns title, unless the deed itself discloses what interest each of the two grantors undertook to convey. However, by denying a writ in the last-cited case the Supreme Court appears to have approved the holding that, though the interest conveyed by each of two grantors be not shown in their deed it will be sufficient if it is otherwise proven what interest they owned at the time of the conveyance. In that case the evidence showed that the two grantors held under the same title, each claiming a half interest, and the presumption was apparently held justified that each undertook to convey a half interest, and that the grantee by accepting the deed admitted that he claimed title to half under each of them. In this case the parties conveyed several tracts of land, and there is no evidence as to any previous claim of ownership to any of them by Chas. Gillespie, so it is impossible to charge defendants with any admission that they claimed a certain interest under W. F. Gillespie and the remainder under Chas. Gillespie. The evidence shows that D. W. Gillespie executed to Chas. Gillespie as trustee a deed of trust on part of survey 235 to secure Mrs. Abigail Gillespie in the payment of $1,000, and that Mrs. Mollie Taylor and husband executed to W. F. Gillespie as trustee a deed of trust on survey No. 236 and part of 235 to secure Mrs. Abigail Gillespie in the payment of a note for $1,400, and the deed of trust from W. F. Gillespie and Chas.

Gillespie to McLeary, under which defendants deraign title, contains the following clause:

"It is expressly understood that the acceptance of this conveyance in trust is a release of any and all claims upon the said lands included therein by virtue of certain trust deeds heretofore executed by D. W. Gillespie and M. A. Taylor and J. Taylor, her husband, to Chas. J. Gillespie, trustee, to secure Abigail E. Gillespie, which said trust deeds are of record in Edwards county, Tex., and that the same or any part thereof shall be hereafter held subject only to the provisions of this trust, and upon faithful compliance with the terms and provisions of this trust the said lands shall be released to the said W. F. Gillespie, or his heirs or assigns, free from any claim or incumbrance created by the aforesaid trust deeds of D. W. Gillespie and M. A. Taylor and J. M. Taylor."

It is impossible to tell whether W. F. Gillespie and Chas. Gillespie claimed to have acquired the lands and to have assumed the payment of a balance of $1,700 due Mrs. Abigail Gillespie, or whether it was thought the correct thing in renewing the deeds of trust to have the trustees execute the new one. No mention is made of Chas. Gillespie in any of the record evidence introduced, except in the two instances above mentioned. We hold that the court was not authorized to find that plaintiffs had shown the extent to which defendants claimed title under a common source, and therefore plaintiffs could not rely upon common source to recover any part of the land.

[3] Defendants in support of their plea of limitation under the five-year statute introduced in evidence a deed from W. W. Threadgill and wife to W. J. Barker, dated October 1, 1908, to an undivided half interest in the 195-acre tract in controversy, which deed was acknowledged on December 24, 1908, but was not recorded until August 19, 1909. Threadgill went into possession of the land under deed from Sutherland to Threadgill and Brady dated October 12, 1904, acknowledged October 17, 1904, and filed for record August 15, 1905; on June 24, 1907, Brady conveyed to Threadgill his half interest in all of survey 236 not theretofore sold by them. Threadgill lived on the land until he sold to Barker. When Barker bought the half interest he lived on the land "a while." Threadgill and wife conveyed their remaining half interest to Friday by deed dated June 15, 1909, filed for record July 27, 1909. Friday and Barker conveyed to Gardner by deed dated July 16, 1910, and filed for record October 22, 1910. Appellants contend the court erred in holding that the failure to record the Barker deed until August 19, 1909, constituted a fatal break in the period of limitation under the five-year statute. They say that, as Threadgill's deed was recorded, and he owned a half interest and Barker the other half interest, Barker's possession was sufficient without recording his deed. The cases of Myers v. Frey, 102 Tex. 527, 119 S. W. 1142, and Terrell v. Martin, 64 Tex. 121, are relied upon. These cases hold:

"If one who claims property under a title to himself and another takes possession of the whole of the property for himself and for his cotenant, holding the same adversely to every other person for the period of time required by law, such possession will inure to the benefit of the cotenant not in actual possession and bar any recovery against such cotenant out of possession the same as against him who is in possession."

If Barker held possession for Threadgill, such holding would be sufficient as to Threadgill's half interest, but we fail to see how Barker could be construed as holding his half interest under a deed duly registered when, in fact, he held it under a deed not registered at all during the time in question. The rule announced in the cited cases has no application to the question raised in this case. We notice that appellants assume that the evidence shows that Barker stayed in possession until he sold to Gardner, but the only testimony we find is that of Threadgill to the effect that Barker "lived there for a while." This does not make proof that he was in possession until he sold to Gardner, a period of nearly two years.

[4] By the sixth assignment complaint is made of the ruling that there was a break in the period of limitation because the deed from Friday and Barker to Gardner was not recorded for three months and six days. This court held in the case of Jacks v. Dillon, 6 Tex. Civ. App. 192, 25 S. W. 645, that one month and eight days between the date of a deed and date of its filing for record was not an unreasonable time, but the deed was executed in 1886 in California, and the grantee was described as being of the county of McLean, state of Illinois. In the case of Motley v. Corn (Sup.) 11 S. W. 851, opinion by Commission of Appeals, it was held that limitation under the five-year statute was proven, although the statement of the evidence shows a failure to record one of the deeds for five months, and no evidence is stated which excused such delay. However, the direct point was not raised, so far as is disclosed by the opinion. Objection was made to the charge because it did not state that the possession should be based upon a deed or deeds duly registered. The court held there was no controversy as to the fact that the deeds had been duly registered; that they were necessarily so construed to be by the court when admitted as a basis for the plea of limitation. The court appears to have taken the view that, no objection having been made in the trial court on the score that the deeds were not duly registered, and no controversy made in the trial court or the appellate court that they were not duly registered, the failure to charge on that feature should be held harmless. We think that a failure to record a deed for three months, under the facts as disclosed by this case, there being no excuse shown for the delay, was unreasonable, and that the trial court did not err in so holding. In this connection we call attention to the

fact that the holding of this court upon a similar question in Dunn v. Taylor, 143 S. W. 311, was afterwards held erroneous. Dunn v. Taylor, 147 S. W. 287.

The seventh assignment is overruled for the reasons given in overruling the sixth.

[5] The court did not err in holding that the two years' residence of Chas. Sweeten in Oregon should be deducted in estimating the period of his possession. Article 5702, R. S. 1911, has been expressly held applicable to suits for land. Tate v. Waggoner, 149 S. W. 737, and cases cited.

[6] By the ninth and eleventh assignments it is contended that the court erred in rendering judgment for plaintiffs against McFadden and Sweeten for the tracts claimed by them. We have already held that no title from the sovereignty of the soil or from a common source was established. Appellees contend that the evidence of prior possession was sufficient to support the judgment, but there is no merit in the contention. The assignments are sustained.

By the tenth assignment it is contended that McFadden proved title by limitation. This assignment is overruled.

[7] The judgment, in so far as it affects appellants, is reversed, and the cause remanded. There being no appeal by the other defendants, the judgment as to them will not be disturbed.

## On Motion for Rehearing.

Appellees sought to show common source by introducing in evidence the deed of trust from W. F. Gillespie and Chas. J. Gillespie to J. H. McLeary, trustee, which conveyed, "among other lands," survey No. 236 and 193 acres out of survey No. 235, and was dated March 25, 1897. It is clear, under the decisions cited in our former opinion, that the introduction of said instrument failed to show common source because of the fact that it was executed by two persons, and did not show, nor was there any evidence to show, that W. F. Gillespie alone claimed title to survey No. 236. Appellants introduced in evidence a deed of trust from Mollie A. Taylor and husband to W. F. Gillespie, trustee, to secure a note in favor of Abigail E. Gillespie for $1,400, dated June 20, 1889, conveying all of survey No. 236 and 210 acres out of survey No. 235, and also a deed of trust from D. W. Gillespie to Chas. J. Gillespie, trustee, to secure a note for $1,000 in favor of Abigail E. Gillespie, dated December 21, 1891, and conveying part of survey No. 235. Appellees contend in their motion for rehearing that the deed of trust by W. F. Gillespie and Chas. Gillespie to McLeary conveyed the same land and was for the purpose of securing the same* debt as the one from Mrs. M. A. Taylor and husband to W. F. Gillespie, trustee. A comparison of the instruments shows that survey 236 is convey-

ed in each of them, but there is a discrepancy in the acreage out of survey No. 235, and, besides, the one given by W. F. Gillespie and Chas. Gillespie conveyed other lands, not described in the statement of facts. We fail to see how appellees can assert that the debt is the same, "plus the accrued interest," for the note for $1,400 was dated June 20, 1889, and that for $1,700 was dated March 25, 1897. It is far more probable that the deed of trust by W. F. and Chas. Gillespie to McLeary was given to secure a renewal of the notes secured by both of the other deeds of trust, for it mentions both and provides that its release shall operate as a release of both of them. But even this is a mere guess, for it is not even shown that the lands conveyed therein are the same as those conveyed in the two former deeds of trust, and, even if they were shown to be the same, it is still impossible to say whether W. F. and Chas. Gillespie undertook to represent the grantors in the former deeds of trust and to renew the same, or whether they acquired the titles of said grantors and gave a note for $1,700, and executed a deed of trust upon such lands or a part thereof, and others, to secure the payment of such note, or whether they acquired some other claim to said lands. We therefore conclude that the evidence fails to show that appellants claim survey No. 236 wholly and entirely by a title acquired through W. F. Gillespie. It is a matter of conjecture whether Chas. Gillespie claimed any interest in survey No. 236, and, if so, what interest. It therefore follows that appellees have failed to show title by common source to survey 236, and have failed to show such a title to any particular interest therein, for the extent of the interest therein held by appellants under W. F. Gillespie is not made to appear.

We are unable to agree with appellees in their contention that the judgment should be affirmed on the theory that prior possession of survey 236 was shown to have been held by W. F. Gillespie prior to 1889 of such character as to support the judgment.

The motion for rehearing is overruled.