### FAIRBANKS et al. v. PATE et al.
### No. 10520.

Court of Civil Appeals of Texas.
San Antonio.

April 12, 1939.

Rehearing Denied May 17, 1939.

G. D. Fairbanks, of Brownsville, for appellants.

L. J. Polk, of Pharr, for appellees.

SLATTON, Justice.

Margaret McAllen Fairbanks and husband sued in trespass to try title to recover the title and possession of two tracts of land. The defendants were the town of Hidalgo, J. E. Pate and the Sun Oil Company.

Pate claimed title and possession to a tract of land aggregating 655 acres, 125 acres of which was a part of the land sought to be recovered by Mrs. Fairbanks. At the trial Pate disclaimed as to the other tract of land.

After a trial to the court, a judgment was entered vesting title to one of the tracts (fully described in the judgment) in Mrs. Fairbanks, and denying to her any recovery of the other tract, and vesting title to it in J. E. Pate. The Sun Oil Company was vested with title to the leasehold estate of an oil, gas and mineral lease covering, among other lands, the 125 acre tract decreed to Pate. Mrs. Fairbanks was denied any recovery against the town of Hidalgo. Mrs. Fairbanks has appealed.

The trial court filed no findings of facts or conclusions of law. None were requested.

We have concluded that the judgment of the trial court may be sustained upon one or more theories. We shall only discuss one of them.

Mrs. Fairbanks did not attempt to deraign title from the sovereignty. Neither did she claim by prior possession nor by limitation. She specifically alleged the common source of title to be John McAllen, James B. McAllen and John J. Young. The title attempted to be proved by her on the trial emanated from John J. Young and not the McAllens and Young, as alleged. Howard v. Masterson, 77 Tex. 41, 13 S.W. 635, and case following. Moreover, the deed from John J. Young to John McAllen and James B. McAllen, dated June 16, 1902, was a quitclaim deed and not a partition deed, as claimed by the appellant. The will of John McAllen was introduced, as well as the deed from James B. McAllen to Margaret McAllen (Mrs. Fairbanks). The latter deed is the only one in which town lots in the town of Hidalgo are described.

The appellant, in her attempt to show common source, introduced a regular chain of title from John J. Young to J. E. Pate. If then, the quitclaim deed from John J. Young to the McAllens did not convey town lots in the town of Hidalgo, according to the evidence introduced by the appellants the trial court was justified in

finding the superior title to be in Pate. There is no evidence in the record to indicate whether the town of Hidalgo, or any of the lots thereof, are in the easterly 1,051 acres of porcione 63, or in the westerly 3,784 acres of said porcione. The appellant claims the land sought to be recovered by accretion. It was incumbent upon her to show a superior title to the town lots upon which she claimed the land accreted. This she did not do. Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185, Supreme Court.

The judgment is affirmed.