## SHULL et al. v. DIAZ.

### No. 12202.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1951.

Rehearing Denied Feb. 7, 1951.

John A. Pope, Jr., Rio Grande City, for appellants.

Kelley, Looney, McLean & Littleton, Jackson Littleton, Edinburg, for appellee.

POPE, Justice.

This is a trespass to try title suit and concerns the sufficiency of proof to show common source of title.

Appellant Herlinda Pena Shull, joined by her grantee to a part of the property here involved, sued appellee, Mrs. Benita F. Diaz, in trespass to try title to a 17.62 acre tract of land known as Tract 165 out of Porciones 38 and 39 in Starr County. She made no effort to deraign title from the sovereignty, but elected to rely upon and endeavored to prove common source of title. She introduced in evidence a partition decree entered in November, 1922, in Cause No. 2444, styled W. L. Hart et al. v. A. J. J. Austin, which named numerous plaintiffs and defendants. By that decree Tract 165 was allotted to Casimiro Villareal Flores, through whom appellant Herlinda Pena Shull claims as sole and only heir. This is the only tract involved in this action. The decree reflected that appellee, Mrs. Benita F. Diaz, and her husband, now deceased, were also parties to the partition suit, and that they received by the decree a separate share of 766.82 acres. None of their award is involved in this cause. The partition decree provided on its face that it vested title to each of the shares allotted and set apart "as against each and all of the other parties to the present suit and decree; their heirs, executors, administrators and assigns, as fully and effectually as the deed of such parties could vest the same * * *." Other than the paragraphs awarding the share to Flores, the share to Diaz and his wife, the one reciting that the decree would be operative as a deed, and recitals that there were numerous other parties, no part of the partition decree or of the proceedings was introduced in evidence. The uncontradicted testimony showed that appellant Shull was Flores' sole heir.

Appellee, Diaz, answered by plea of not guilty and by pleading the ten and twenty-five year statutes of limitation. After appellant Shull introduced the extracts from the partition decree, the deed to her grantee to a part of the property, and testimony showing her heirship, appellee, Diaz, moved for judgment that appellant take nothing, and her motion was granted.

Appellants here urge that the partition decree was a final adjudication as of November 10, 1922, of the titles owned and claimed by the respective parties to the partition suit, that it was binding upon their predecessor, Flores, and also upon Diaz, who were both parties to that suit; and that any limitations title asserted against the title to Tract 165 must have commenced after that date. They conclude that the adverse possession must have been asserted against either Flores or appellants, and that Flores or appellants are the common source of title.

We do not agree with this contention, but believe the trial court correctly rendered judgment that appellants take nothing. The burden was on the appellants to connect their title to the property in dispute with a common source, and also to connect appellee's claim of title to this same property with that same common source. Caruthers v. Hadley, Tex.Civ.App., 115 S.W. 80. The partition suit may have settled other questions of title in addition to effecting a partition. De La Vega v. League, 64 Tex. 205, 216. Certainly, the decree was an adjudication which the parties could not challenge. But res judicata and estoppel by judgment, though a bar to the parties thereafter to challenge the judgment, do not necessarily at the same time constitute a common source. Sun Pipe Line Co. v. Wood, Tex.Civ.App., 129 S.W.2d 704. While the decree set Tract 165 over to Flores, it at the same time excluded appellee from that tract. The decree, instead of serving as a source under which appellee might claim Tract 165, served as an adjudication that appellee had no such claim. It severed appellee from Tract 165. Instead of connecting appellee with Tract 165 by the partition decree, the proof effectually disconnected her from it. The decree is repugnant to and inconsistent with the idea that appellee's claim emerged from the partition as a source of a claim for title to Tract 165. There is no proof that appellee either could or did rely upon the partition decree as a source for her claim of title to Tract 165. Appellant has

proved the point at which appellee's rights to Tract 165 terminated rather than the common point at which their claim commenced. While appellants only had the burden of showing that appellee had a claim from a common source, without proving the validity of that claim, they have here proved that the partition decree, relied upon as common source, afforded no basis for appellee's claim to Tract 165. Proof of a binding judgment cutting off the rival claim is not proof of common source of title.

■■ There are many authorities holding that a partition decree only operates to sever the unity of possession and not to convey title. If, however, we should consider the wording of the partition decree taken with Article 6100, Vernon's Ann.Civ.Stats., as operating as a conveyance vesting title as fully and effectually as the deed of such parties, there still would not be sufficient proof of the common source. While appellant does not point out which of several possible sources is the one relied upon, Diaz, as one of many grantors in the above assumption, would not adequately meet the requirements of a grantor qualifying as common source. There were numerous parties to the partition suit, with numerous shares distributed among various allottees. In that sense there were numerous grantors. "* * * a grantee in a deed which purports to convey the interest of two or more persons in the land, but which does not specify the particular interest of either, does not, by accepting the conveyance, admit a previous title to any specific interest in either the one or the other." Hendricks v. Huffmeyer, 90 Tex. 577, 40 S.W. 1, 2; Howard v. Masterson, 77 Tex. 41, 13 S.W. 635; Temple Lumber Co. v. Arnold, Tex.Civ.App., 14 S.W.2d 926, 929; 19 C.J., Ejectment, § 41; 28 C.J.S., Ejectment, § 23, p. 876. For these reasons we do not believe the proof of the partition decree served as a sufficient connection between the defendant and her claim to Tract 165. Garza v. Cavazos, Tex.Sup., 221 S.W.2d 549, 554.

■ We shall next consider whether the additional pleas of limitations may change this situation. Appellants regard the pleading of adverse possession as a confession of common source, since limitations could only be asserted against either Flores, their predecessor in title, or appellants themselves, or both; and this claim must have been asserted after the entry of the partition decree since Diaz is bound by that decree. Appellee, however, pleaded not guilty as well as limitations, and this plea not only put appellants to their proof but at the same time permitted a variety of defenses. 41 Tex.Jur., Trespass to Try Title, §§ 138, 139, 140; 2 McDonald, Texas Civ.Proc., §§ 7, 41. The limitation pleas did not relieve appellants of the burden of establishing a prima facie right to the property either from the sovereignty or common source. The plea of not guilty cast the burden on appellants to prove their own title. Lindley v. Mowell, Tex.Civ. App., 232 S.W.2d 256. Since limitations must be specially pleaded, it is not a waiver of the not guilty plea. Custard v. Musgrove, 47 Tex. 217; Shields v. Hunt, 45 Tex. 424.

Whether we regard the appellee as asserting adverse possession against appellants' predecessor, Flores, or against the appellants themselves, the possession relied upon was adverse and therefore against them. Adverse possession is in this sense a repudiation of the common source and is for that reason incapable of a construction that it emanates from the same source, or is "from and under such common source," which we construe to be the meaning of their burden. Rule 798, Texas Rules of Civil Procedure; Rice v. St. Louis, A. & T. Ry. Co., 87 Tex. 90, 26 S.W. 1047; Howard v. Masterson, 77 Tex. 41, 13 S.W. 635, 636; Stubblefield v. Hanson, Tex.Civ.App., 94 S.W. 406, 411. Adverse possession, instead of being an admission of the common source, was a pleading that appellee asserted a superior right to the land acquired after November, 1922, and without regard to any common source. Burns v. Goff, 79 Tex. 236, 14 S.W. 1009; Meade v. Logan, Tex.Civ.App., 110 S.W. 188.

The judgment is affirmed.