**SOUTHERN PINE LUMBER COMPANY,**
Appellant,

v.

**David L. HART, Appellee.**

No. 16068.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 13, 1959.

Rehearing Denied Dec. 11, 1959.

Minton & Minton, Hemphill, B. F. Whitworth, Jasper, and Ward R. Burke, Diboll, for appellant.

Joe H. Tonahill, Floyd W. Addington and John H. Seale, Jasper, for appellee.

BOYD, Justice.

Southern Pine Lumber Company appeals from a judgment in favor of David L. Hart

for the title to and possession of an undivided one-half interest in 133.53 acres of land.

The jury found that appellee had title by virtue of the ten-year statute of limitation, claiming under a deed; and that he had title by virtue of the ten-year statute of limitation without reference to any deed.

In several groups of points appellant contends that judgment should have been rendered for it because of its view that the evidence affirmatively established that the land described in the deed under which appellee claims was not the land described in his petition and in the field notes introduced by appellee; it was not shown that appellee and appellant claim by, through, and under a common source of title; appellee did not have a record title to the land; appellee failed to establish title to the land described in his pleadings under any statute of limitation; and he did not offer any evidence of title acquired by any other method known to the law.

Appellee did not prove title from the sovereignty, but claimed under a deed from Jas. G. Barker, which purported to convey an undivided one-half interest in 160 acres in the Donald McDonald League in Jasper County, described as follows:

"Beginning where the east boundary line of the said McDonald League crosses Mill Creek;

"Thence South 15 degrees West with said line 958 varas to the south east corner of said league of land;

"Thence North 75 degrees West with the southern boundary line of said league of land 700 varas to a stake for corner from which a pine bears south 60 degrees West 10 varas and a pine bears south 9 degrees West 10 varas, each of such pines marked 'X';

"Thence North 15 degrees East with an old marked line —— varas to Mill Creek, a catalpa stake for corner from which a horn beam 7 inches in diameter marked bears North 6½ degrees West 4⅕ varas;

"Thence up said Mill Creek with its meanders to the place of beginning. And being the same land conveyed to me the said Jas G. Barker as 'J. G. Barker' by J. M. Gates, Mack Brooke and wife Nancy Brooke, the 13th day of September, A.D. 1906, Deed Recorded in Volume 'W', at page 629 Deed Records of Jasper County, Texas, * * *."

This deed was executed on July 8, 1933, and was filed for record on July 9, 1933.

The deed from Gates and the Brookes to Barker described 160 acres "in the S. E. corner of the D. McDonald League." It did not call for bearing trees, and the call for the south boundary line was:

"Thence W. with said league line about 800 vrs."

Appellee sues for an undivided interest in a tract described in his petition substantially as: Beginning on the south bank of Mill Creek where the east line of the McDonald league crosses same; thence in a southerly direction with said east line 947.3 varas to the southeast corner of said league; thence in a westerly direction with the league's south line 963.5 varas to a concrete post for corner witnessed by four bearing trees; thence in a northerly direction 565 varas to Sam Hardin's southwest corner; thence in an easterly direction 335 varas to Sam Hardin's southeast corner; thence in a northerly direction 313 varas to corner on Mill Creek, with no call for bearing trees; thence up Mill Creek with its meanders to the place of beginning, containing 133.53 acres.

■ Field notes made by a surveyor after a survey on the ground were introduced by appellee, and they corresponded with the field notes in appellee's petition. The surveyor testified that the land described in appellee's petition was the same land described in the deed from Barker to appellee, with the exception of the Sam Hardin 20-acre tract in the northwest corner. He further testified that the field notes made by himself followed "fundamentally" the de-

scription in the deed from Barker to appellee. No issue was submitted covering these points, and there was no objection to such omission. We think the evidence supports an implied finding that the descriptions, while varying in terms, were identical. The points involving the contention that it was not shown that the land described in appellee's petition was the land described in the Barker deed are overruled.

■ Neither can we agree with appellant that appellee failed to establish that he and appellant claim by, through, and under a common source of title. Appellee introduced a deed from James G. Barker, E. E. Davis, and E. A. Lindsey to L. H. Marshburn, dated July 17, 1943, purporting to convey all of the 160 acres conveyed to Barker by Gates and the Brookes, and a deed from Marshburn to Temple Lumber Company purporting to convey 172 acres in the southeast corner of the Donald McDonald League. The argument is that it is not shown that Temple Lumber Company held under Barker. Appellant cites in support of its contention Howard v. Masterson, 77 Tex. 41, 13 S.W. 635; Hendricks v. Huffmeyer, 90 Tex. 577, 40 S.W. 1; Story v. Birdwell, Tex.Civ.App., 45 S.W. 847; Sweeten v. Taylor, Tex.Civ.App., 184 S.W. 693; and Lary v. Mundine, Tex.Civ. App., 303 S.W.2d 953.

We do not think the cases cited control the fact situation here. The first, second, and fifth cases cited involved sheriffs' deeds which purported to convey the interests of others than the alleged common source; and in the third and fourth it was shown that the defendants claimed under the alleged common source and others, the extent of the interest of the grantors other than the common source not having been proved.

· If we are correct in holding that it was shown that the land described in appellee's petition is the land described in the deed to him from Barker, we think it follows that the deed from Barker, Davis, and Lindsey to Marshburn, and the deed from Marshburn to Temple Lumber Company cover the identical land. While in the deed to Temple Lumber Company the tract is described as being 172 acres, it is further described as being in the southeast corner of the Donald McDonald League, which recitation, taken together with the field notes in said deed, establishes the fact that the deed covers the land purchased by Barker from Gates and the Brookes. Marshburn may have acquired more land than he bought from Barker, Davis, and Lindsey; what is material to our inquiry is that he acquired all the interest Barker had in the 160 acres at the time the deed was executed, which could not have been more than one-half undivided interest, since Barker had theretofore conveyed to appellee a one-half interest.

In support of our holding that appellee showed common source, we call attention to Gilmer v. Beauchamp, 40 Tex.Civ.App. 125, 87 S.W. 907, error refused, where Howard v. Masterson, supra, was construed to be of limited application. By denying a writ of error, the Supreme Court appears to have approved the holding that though the interest conveyed by each of two grantors be not shown in their deed, it is sufficient if it otherwise appear what interest they owned at the time of the conveyance. According to the evidence in this case, neither Davis nor Lindsey owned any interest in the Barker 160 acres; but if they did, they acquired it from or under Barker who at one time owned it all.

There is another point involving the claimed failure to prove common source. It is the contention that appellant was not connected with title out of Temple Lumber Company. The last record evidence of the transmission of any Barker interest is the deed from Marshburn to Temple Lumber Company.

Appellee testified without objection as follows:

"Q. Do you recognize or acknowledge title, ownership, to anyone to the other

undivided one-half interests other than what you claim? A. Yes, I do.

"Q. In who? A. Southern Pine Lumber Company, which formerly was Temple Lumber Company."

As to what he did when he learned in 1957 that timber was being cut from the land, appellee testified, "I immediately went to Pineland and got an interview with Mr. Nichols. * * *

"Q. Who is connected with the Temple or Southern Pine Lumber Company? A. He is.

"Q. Now, what, if any, conversation did you have with Mr. Nichols? A. I asked him why he proceeded to cut the timber again after I had ordered them off in 1950; and he said that his Lawyers told him to go ahead and cut the timber, that that would put the monkey on my back to prove my title to the land. * * *"

■ Appellant says that this amounts to no evidence at all, and cites City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712, and the authorities mentioned in that opinion. If the purpose of this testimony had been to show a transfer of title to the land from Temple Lumber Company to appellant, it would have been ineffectual for that purpose, even though not objected to. Appellee was saying that Temple Lumber Company is now Southern Pine Lumber Company. He did not say that appellant acquired the land from Temple Lumber Company by deed or any other method of transmitting title. He testified only to a question of identity. Temple Lumber Company may have become Southern Pine Lumber Company by amending its articles of incorporation. Business Corporation Act, Article 4.01, Vernon's Ann. Civ.St. We think the best evidence rule is applicable here. But secondary evidence is not incompetent evidence. A party loses the right to demand the best evidence by permitting the introduction of secondary evidence without objection, and when so admitted, it is sufficient to prove a fact or sustain a judgment. 17 Tex.Jur., p. 497, sec. 195, and authorities there cited.

This testimony was not refuted. Had it not been correct, appellant could have shown its incorrectness with little effort. As was said in Busby v. First Nat. Bank, Tex.Civ.App., 68 S.W.2d 328, 329, "It is the opinion of this court that this receipt, having been admitted without objection and uncontradicted, was secondary evidence and evidences a fact not improbable, * * *."

■ We think the evidence supports the finding that appellee had held peaceable and adverse possession of the land, cultivating, using and enjoying the same, claiming under a deed duly registered. It was uncontradicted that parts of the land were cultivated by tenants, and appellee cut and removed wood from some of it. This possession, and the cultivation and use of part of the land, was sufficient to constitute adverse possession of the entire tract. Allison v. California Petroleum Corporation of Venezuela, Tex.Civ.App., 158 S.W.2d 597; Temple Lumber Co. v. McFarland, Tex.Civ. App., 264 S.W. 298, error refused.

■ Appellant objected to the testimony by the surveyor that in his opinion the field notes made by himself describe the same land which was described in the deed from Barker to appellee. We think this testimony was admissible. Camp v. League, Tex.Civ.App., 92 S.W. 1062; Goodson v. Fitzgerald, 40 Tex.Civ.App. 619, 90 S.W. 898. Nor do we think it was error to admit evidence of statements made by persons in possession of the land that they held it under appellee. 1 McCormick & Ray, Texas Law of Evidence, 2d Ed., p. 591, sec. 797. We have carefully considered all of appellant's points as to the admission of evidence, but do not think that reversible error is reflected.

The judgment is affirmed.